Scileppi, J. (dissenting).
This action was commenced by the Locust Club of Rochester, a police organization composed of individual policemen employed by the Rochester Police Bureau, to test the legality and constitutionality of a municipal ordinance enacted by the Council of the City of Rochester establishing a Police Advisory Board. I do not reach the constitutional questions presented by the appellants since it is my opinion that the ordinance in question is in direct conflict with section 351 and section 387 of the Charter of the City of Rochester and it is, therefore, invalid.
Section 351 of the Rochester City Charter provides: ‘£ The commissioner of public safety * * * shall hear and decide all charges of misconduct and incompetence made against any officer or member of the police and fire forces or of any bureau or division within his jurisdiction, and in all such cases shall have the power to issue subpoenas and administer oaths * * * He shall have exclusive control of the administration of the police force ” (emphasis added).
Section 387 of the charter implements the above-quoted provisions of section 351. It provides: £ 1 Charges and Trials of Policemen and Firemen. If a charge be made by any person against any officer or member of the police or fire force, that he has been guilty of neglect of duty, or negligent or derelict in the performance thereof, or guilty of misconduct in his office, or that he is incompetent to perform the duties thereof, or that he is incapacitated by age or disease or infirmity to properly discharge the duties thereof, or that he is guilty of some delinquency or misconduct showing an unfitness for office or that he has violated the rules of the commissioner of public safety, the charge must be in writing, signed and verified by the person bringing the charge, and must set forth the specific act or acts that are the subject matter of the charge, and must contain such other information required by the rules of the Commissioner of Public Safety. After the filing of the charges, the Commissioner shall cause a preliminary investigation of the charges to be made, and if he finds that there is probable cause for such charges he may order a hearing on said charges. A copy of the charges must be given to the accused person. The hearing may be held by the Commissioner or by a person or persons designated by him who, in the opinion of the Commissioner, is *804 qualified to hold hearings by virtue of his education, experience, or training. If the holding of the hearing has been delegated, the hearing officer or officers shall hear the charges in accordance with the rules of the Commissioner and shall report to the Commissioner for his review and decision. The accused person has the right to be heard in person and by counsel, and to give and furnish evidence in his defense. All trials are open to the public. The Commissioner has power to issue subpoenas under his name and official title to compel the attendance of witnesses upon any hearing, and any person duly served with a subpoena is bound to attend in obedience to the command thereof. If the accused person is found guilty of the charge against him, the Commissioner may punish him by reprimand, by forfeiture of pay for some definite time, by a fine not exceeding fifty dollars, by a reduction in grade, or by dismissal from the force, or may subject him to any other discipline prescribed in the rules promulgated by the Commissioner of Public Safety. The Commissioner may summarily dismiss from the force any person failing or neglecting to pay within the time or times prescribed by the Commissioner, a fine imposed by him. The decision of the Commissioner is final and conclusive, subject only to review by a court of competent jurisdiction” (emphasis added).
If this Police Advisory Board were truly advisory in nature and function, I would have no quarrel with it, for section 521 of the Rochester City Charter authorizes the City Manager to appoint civilian advisory boards. An analysis of the authority and functions of the Police Advisory Board, however, demonstrates that it substantially interferes with the internal administration of the Rochester Police Bureau.
Section 10-10.16 of the Code of the City of Rochester authorizes the board to forward any complaint which charges a police officer with the use of excessive force to the Chief of Police. The Chief of Police must investigate the complaint and he must report his findings to the-board within 10 days of receipt of the complaint (Code of City of Rochester, § 10-10.18). I fail to see how it can be said that the Commissioner of Public Safety has exclusive jurisdiction over the administrative affairs of his department when a civilian advisory board can command the Chief of Police to conduct a preliminary investigation and report his findings to the board.
*805 After the Chief of Police reports back to the board, the board is authorized to conduct further investigation and to hold private closed hearings (Code of City of Rochester, § 10-10.20). Section 387 of the Rochester Charter authorizes only the Commissioner of Public Safety or his designate to hold hearings. It also provides that such hearings shall be open to the public.
Under the ordinance, if the board disagrees with the Police ^Chief’s findings, recommendations and actions, it shall consult privately with him in an attempt to arrive at a common conclusion. If the board exists merely to receive complaints and to advise the Commissioner of Public Safety, it is impossible to justify any attempt to arrive at common conclusions where disagreements exist between the board and chief.
To aggravate matters, if the board and the chief cannot arrive at a common conclusion, the board is authorized to report this disagreement to the Commissioner of Public Safety and the City Manager (Rochester City Code, § 10-10.23). If the city administration does not take action which is satisfactory to the board within two weeks of the receipt of the report of disagreement, the board may publicize its disagreement and its recommendations (Rochester City Code, § 10-10.24). In fact and in effect, this is far from mere advisory action.
If the board were truly advisory, it would merely present its recommendations to the Commissioner of Public Safety who would then have the right to accept or reject them. Its role would extend no further than this. Here, however, if the board is not satisfied with the Commissioner’s actions, it is authorized to become his adversary and to resort to the forum of public opinion in an attempt to impose its views on the Commissioner. Fot only is this contrary to the concept of an advisory board, but it is an unwarranted and invalid intrusion upon the exclusive jurisdiction of the ¡Commissioner of Public Safety to administer the internal affairs of his department.
Accordingly, I would reverse the order of the Appellate Division and reinstate the order of the Supreme Court, Monroe County.
Order affirmed, etc.